## Pursifull et al. v. Melton et al.

May 16, 1941

E. B. Wilson for appellant.

J. D. Tuggle for Sarah Goodin Melton.

H. L. Bryant for American Ass'n, Inc.

OPINION OF THE COURT BY CHIEF JUSTICE REES—Affirming.

This appeal is from a judgment of the Bell circuit court overruling exceptions offered by appellants to a report of sale made by the master commissioner and confirming his report.

Four tracts of land were sold, and the exceptions were filed by J. M. Pursifull, purchaser of three tracts,

and by the widow and children of J. H. Lee, owner of the land sold, who died during the pendency of the action. The litigation extended over a number of years, and appears to have been initiated by appellee Sarah Goodin Melton in 1931, when she filed an action against J. H. Lee and Ollie Lee, his wife, to enforce a mortgage lien on a tract of land owned by J. H. Lee. On December 22, 1932, she recovered a judgment for $2,087.94, and a sale of the land to satisfy the lien was ordered, but apparently no sale was made under that judgment. After the institution of the Melton suit, numerous creditors of J. H. Lee filed suits seeking liens against the property described in the Melton petition and against other tracts of land owned by Lee. On February 4, 1939, a judgment was entered fixing the priorities of the various liens and ordering the land owned by J. H. Lee sold to satisfy the liens. This judgment has not been questioned, but on this appeal it is argued that the master commissioner in making the sale failed to follow the directions of the court contained in the judgment, and this was the principal basis of the exceptions to the commissioner's report.

The record before us contains only the judgment entered on February 4, 1939, and subsequent pleadings and orders. Appellants insist that the judgment ordered the land sold in five tracts, and that the commissioner sold it in four tracts. This argument derives from a slight divergence in the descriptions of a tract of land described in the first paragraph of the judgment and the first tract described in the second paragraph when considered in connection with the following language in paragraph 6 of the judgment:

"He will have the land appraised as a whole and each tract separately as provided by law. He will first sell the tract of land set out in Paragraph 1, of this judgment. He will then sell the lands set out in Paragraph 2 of this judgment, subject to an exception of so much land as may be embraced therein as is covered by the description set out in the first paragraph of this judgment."

It is appellees' contention that the tract of land described in paragraph 1 of the judgment and the first tract described in paragraph 2 are the same, and that only four tracts were ordered sold. The judgment contained eleven paragraphs. Paragraph 1 merely recites

that Sarah Goodin Melton recovered judgment against J. H. Lee and Ollie Lee for the sum of $2,087.94 on December 22, 1932, and that it was then adjudged that a certain tract of land should be sold to satisfy that judgment. A description of this tract by metes and bounds is given, presumably as it appeared in the judgment of February 4, 1932. Paragraph 1 then adjudges that Sarah Goodin Melton "has a first and prior mortgage lien on said tract of land and that her lien is superior to all other liens claimed in these consolidated actions." Paragraph 2, after reciting that the court had fully considered the case as to priority of liens and had adjudged in paragraph 1 that Sarah Goodin Melton had a prior and superior lien on the tract of land described in that paragraph, adjudges that the American Association, Inc., recover of J. H. Lee and Ollie Lee the sum of $1,597.90. Paragraph 2 continues:

"The Court further adjudges that the plaintiff, American Association has a prior and superior lien to all other liens or claims on the following four tracts except Tract No. 1 and on said tract No. 1, it is adjudged a second lien."

The four tracts are then described. A careful reading of paragraphs 1 and 2 of the judgment convinces us that the tract described in paragraph 1 and the first tract described in paragraph 2 are one and the same, and that the circuit court so treated them. Our conclusion is fortified by paragraph 3 of the judgment which awards J. M. Pursifull a judgment against J. H. Lee and Ollie Lee for $1,000, and then continues:

"And to secure the payment of the judgment awarded in this paragraph, the said J. M. Pursifull is hereby adjudged a lien upon the four tracts of land hereinbefore set out in Paragraph 2, which lien is an inferior one to the liens adjudged in paragraphs 1 and 2 of this judgment in favor of Sarah Goodin Melton and the American Association, Inc."

The concluding words of paragraph 6 of the judgment, heretofore quoted, are not in conflict with this conclusion. The descriptions of the land in paragraphs 1 and 2 are lengthy, and it would serve no useful purpose to set them out in this opinion. It is sufficient to say that we have compared the description of the tract on which Sarah Goodin Melton was adjudged a lien in paragraph 1 with the description of the first tract in para-

graph 2, and find that the same tract of land is described and referred to in the two paragraphs. The fixed objects referred to in the two descriptions are identical, and the only variations appear near the end of the two descriptions. The description in paragraph 1 concludes, "to a poplar corner of a survey made in the name of S. W. Crawford; thence with the line of same N 85 W 228 poles to the beginning," and the description in paragraph 2 concludes, "to a poplar a corner of a survey in the name of G. W. Crawford; thence with a line of the same N 85 W 288 poles to the beginning." The descriptions differ only as to the first initial of Crawford's name and the number of poles in the last call. As the fixed objects in the last call are the same, the distances are necessarily the same. The variations are palpably typographical errors, and there can be no doubt that the two descriptions embrace the same tract of land. This view is also supported by the description in a lis pendens notice filed in the office of the clerk of the Bell county court by Sarah Goodin Melton. It appears that this notice was filed November 16, 1931, and described the tract of land against which Sarah Goodin Melton was asserting a mortgage lien in the action theretofore filed in the Bell circuit court and which paragraph 1 of the judgment of February 4, 1939, purports to describe. The description in the lis pendens notice concludes as follows: "To a poplar corner of a survey made in the name of G. W. Crawford; thence with the line of same N 85 W 288 poles to the beginning." This and the description of the first tract in paragraph 2 of the judgment are the same.

It follows that the master commissioner complied with the directions of the court in making the sale, and the judgment is affirmed.